UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria De Jesus Segura and Armando Segura,

        Plaintiffs,

v.

Federal National Mortgage Association, Mortgage Electronic Registration System, Wells Fargo Bank, N.A., and all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,

        Defendants.

Civil No. 13-531 (SRN/JJK)

**MEMORANDUM OPINION AND ORDER**

---

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth St., Suite 4100, Minneapolis, Minnesota 55402, for Plaintiff Dean J. Welk.

Charles F. Webber and Elizabeth Ann Walker, Faegre Baker Daniels LLP, 90 South Seventh St., Suite 2200, Minneapolis, MN 55402, for Defendants Federal National Mortgage Association, Mortgage Electronic Registration System, and Wells Fargo Bank, N.A.

---

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on a Motion to Dismiss filed by all Defendants [Doc. No. 23].[1] For the reasons stated below, the Court grants the Motion to Dismiss and

---

[1] The original Complaint in this matter named as a Defendant the law firm of Reiter & Schiller, P.A. [Doc. No. 1-1.] The Amended Complaint removed Reiter & Schiller from the caption of the case, but allegations about Reiter & Schiller's conduct appear throughout the Amended Complaint. Thus, Reiter & Schiller filed a motion to dismiss the Amended Complaint. At the hearing, Plaintiffs' counsel stated that he

(continued...)

dismisses the Amended Complaint [Doc. No. 19] with prejudice.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Plaintiffs Maria and Armando Segura purchased a home in Buffalo, Minnesota. (Am. Compl. ¶¶ 1-2.) To finance the purchase, they executed a mortgage on the property in favor of Defendant Mortgage Electronic Registration Systems ("MERS"), as nominee for Mortgages Unlimited, Inc. (Id. ¶ 6.) In 2012, the mortgage was assigned from MERS to Defendant Wells Fargo Bank, N.A. (Id. ¶ 8.)

The Amended Complaint contends that, "[u]pon information and belief," Defendant Federal National Mortgage Association, known as Fannie Mae, acquired an interest in the Seguras' mortgage sometime before the foreclosure process began. (Id. ¶ 11.) No assignment to Fannie Mae is in the public record, however. (Id.) Because the alleged assignment to Fannie Mae was not recorded, the Seguras contend that the foreclosure process was invalid under Minnesota law. (Id. ¶ 16.) They also contend "upon information and belief" that the 2012 assignment from MERS to Wells Fargo was invalid because the individual who signed the assignment on behalf of MERS was not authorized to do so. (Id. ¶ 10.) In addition, the Seguras allege "upon information and

---

[1](...continued)
intended to file a Rule 41 dismissal as to Reiter & Schiller. Ruling from the bench, the Court dismissed Reiter & Schiller [Doc. No. 49], and this Order will not further address Reiter & Schiller's motion.

[2] Plaintiffs also moved to remand the case, contending that the presence of Reiter & Schiller destroys complete diversity in this matter. [Doc. No. 32.] However, the motion to remand was brought after Plaintiffs filed their Amended Complaint, which does not raise any claims against Reiter & Schiller. Plaintiffs subsequently withdrew the motion to remand. [Doc. No. 36.]

2

belief" that the power of attorney for the foreclosure executed on behalf of Wells Fargo was signed by an individual who did not have the legal authority to do so. (Id. ¶ 22.)

The Seguras deny that Defendants "can prove default in accordance with Article 3 of the UCC." (Id. ¶ 7.) However, it appears from documents attached to the Amended Complaint that, by early 2012, the Seguras were in default. (Id. Ex. 9 (Notice of Mortgage Foreclosure sale) [Doc. No. 19-2 at 7] (stating that default on the mortgage has occurred and noting a balance of $176,262.22 of an original loan of $180,000).) On April 12, 2012, through Reiter & Schiller, Wells Fargo instituted foreclosure proceedings by recording a Notice of Pendency of Proceeding to Foreclose Mortgage. (Id. ¶ 19 & Ex. 6.) On May 24, 2012, the Wright County Recorder recorded a power of attorney signed May 9, 2012, from Wells Fargo to Reiter & Schiller, giving Reiter & Schiller the authority to act for Wells Fargo in the foreclosure proceedings. (Id. ¶ 21 & Ex. 7.) The power of attorney stated that it was effective April 10, 2012, and purported to "ratify all acts of the appointed agent that are consistent with this Power of Attorney taken at any time since such effective date." (Id. Ex. 7.)

Wells Fargo purchased the Seguras' property at the sheriff's sale on July 10, 2012. (Id. ¶ 25.) On January 15, 2013, Wells Fargo conveyed the property via limited warranty deed to Fannie Mae. (Id. ¶ 31 & Ex. 11.) The Seguras allege "upon information and belief" that the person signing the deed on Wells Fargo's behalf did not have the legal authority to do so. (Id. ¶ 32.) The Seguras contend that the infirmities alleged in the Amended Complaint means that the sheriff's certificate of sale is void and they remain

3

the owner of fee title of the property. (Id. ¶ 38.)

The Amended Complaint raises three causes of action. Count 1 seeks a "Determination of Adverse Claims" under Minnesota's quiet title statute, Minn. Stat. § 559.01, and is brought against Wells Fargo "and/or other Defendants whose identity is unknown, claims [sic] an adverse interest, claim or right to the real property . . . ." (Id. ¶ 41.) Count 2 asks for a declaratory judgment that: the 2012 assignment to Wells Fargo is void, the April 2012 Notice of Pendency is void, the power of attorney is void, and that the Seguras "remains [sic] the owner of the property in fee title." (Id. ¶ 47.) Count 3 alleges slander of title, and although the text of Count 3 mentions only dismissed Defendant Reiter & Schiller, Plaintiffs' counsel stated at the hearing that this Count is brought against all Defendants. (Id. ¶¶ 49-53.)

## II. DISCUSSION

### A. Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiffs draw from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

When considering a motion to dismiss, the Court ordinarily does not consider

matters outside the pleadings.  See Fed. R. Civ. P. 12(d).  The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records.  Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly, 550 U.S. at 556.

**B.     The Claims**

**1.     Quiet Title**

According to the Seguras, there are several reasons the foreclosure of their property was invalid.  First is their contention that nearly every individual who signed a document in support of the foreclosure did not have the authority to do so.  But the Seguras' allegations regarding signing authority are implausible and speculative, just the sort of "vague claims" that have been rejected repeatedly by courts in this District and by the Eighth Circuit Court of Appeals.  Mine v. Fed. Home Loan Mortg. Corp., Civ. No.

5

13-220, 2013 WL 2443852, at *4 (D. Minn. June 5, 2013) (Montgomery, J.); see also Karnatcheva v. JP Morgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013) (affirming dismissal of quiet title claim for failure to adequately plead, with other than "labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid").

The Seguras' second theory is that Fannie Mae acquired an unrecorded assignment before the foreclosure proceeding commenced, which renders the foreclosure invalid under Minnesota law. See Ruiz v. 1st Fid. Loan Servicing, LLC, 829 N.W.2d 53, 58 (Minn. 2013) (holding that Minnesota's foreclosure-by-advertisement statute requires strict compliance with the requirement that assignments of the mortgage be recorded before the foreclosure process begins). But there is no evidence of such an assignment, other than the Seguras' "information and belief." Such an allegation is the sort of implausible statement that Twombly and Iqbal prohibit.

Nor does the Seguras' reliance on the Seller/Servicer Guides or Fannie Mae's Custodial Agreement make their allegation less speculative. The Guide is, at best, a contract between Fannie Mae and its servicers. It is not for the benefit of the Seguras and imposes no duties on any entity vis-a-vis the borrower. The Custodial Agreement, too, is not for the benefit of any borrower, but is an agreement between Fannie Mae and unknown entities. Even if Wells Fargo was a party to either of these documents and breached its obligations under the documents, that failure would be for Fannie Mae, not the Seguras, to prosecute.

6

Finally, the Seguras claim that the foreclosure is invalid because the power of attorney from Wells Fargo to Reiter & Schiller was executed and recorded after the foreclosure proceedings had begun. In support of this argument, the Seguras rely on the recent Ruiz decision regarding strict compliance with statutory procedures. But Ruiz involved assignments of the mortgage, not powers of attorney. Under Minnesota's foreclosure-by-advertisement statute, all assignments of a mortgage must be recorded "[t]o entitle any party to make [a] foreclosure." Minn. Stat. § 580.02. The statute involving powers of attorney, however, contains different language: "the authority of the attorney at law shall appear by power of attorney . . . recorded prior to the sale . . . ." Id. § 580.05 (emphasis added). Here, the power of attorney was recorded in May 2012 and the sale was in July 2012. The power of attorney therefore complied with the statute.

The Amended Complaint is a series of bald and speculative allegations, unsupported by any facts. As such, it is insufficient to raise the Seguras' quiet title claim "above the speculative level," Twombly, 550 U.S. at 545, and that claim must be dismissed.

   2.   **Slander of Title**

To prevail in a slander-of-title action, a plaintiff must show (1) a false statement concerning the plaintiff's real property; (2) that was published to others; (3) and was made maliciously, and (4) that such publication caused pecuniary loss in the form of special damages. Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000). The Seguras claim that the documents recorded in support of the foreclosure were false because the

individuals signing the documents did not have the legal authority to do so. As discussed above, however, they have pleaded no plausible facts to support their allegations regarding signing authority. Moreover, a malicious statement is one that is a "'groundless disparagement of the plaintiff's title or property . . . made without probable cause.'" Mine, 2013 WL 2443852, at *5 (quoting Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 226 N.W.2d 191, 192 (Minn. 1929)). The Seguras have offered no allegation of any malice here. The reason for any cloud on their title to the property is that they defaulted on their mortgage obligations, not that the foreclosure process was accomplished with any materially false and malicious statements. The slander of title claim fails.

### 3. Declaratory Judgment

A claim for declaratory judgment must be supported by a substantive legal right. See Weavewood, Inc. v. S&P Home Invs., LLC, 821 N.W.2d 576 (Minn. 2012) ("A declaratory judgment is a 'procedural device' through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists."). Having failed to state a substantive claim, the Amended Complaint also fails to state a claim for a declaratory judgment.

**C.     Conclusion**

The allegations in this case do not state a claim on which relief may be granted. The Amended Complaint will be dismissed with prejudice.

### III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 23] is **GRANTED**; and

2. The Amended Complaint [Doc. No. 19] is **DISMISSED WITH PREJUDICE**.


Dated: June 17, 2013
                s/Susan Richard Nelson
                SUSAN RICHARD NELSON
                United States District Judge